Hon. Peter J. Enzien City Attorney, Mechanicville
We acknowledge receipt of your letter in which you state that the City of Mechanicville has designated the Mechanicville Community Development Agency to administer funds received by the City from the Federal government under the Small Cities Program and that the Mechanicville Community Development Agency has designated those funds for acquisition of vacant land which is thereafter to be sold to a private developer for the construction of senior citizen housing.
In connection with the foregoing, you inquire:
 "1. Can an Urban Renewal Agency or CD Agency acquire in its own name and solely with the use of CDBG Funds, property not designated for Urban Renewal under Section 504 of the General Municipal Law and sell said property by negotiation without complying with Section 556 and Section 507 of the General Municipal Law?
 2. Can an Urban Renewal Agency or CD Agency acquire in the name of the City and solely with the use of CDBG Funds, property not designated for Urban Renewal under Section 504 of the General Municipal Law and sell said property in the name of the City by negotiation without complying with Section 507
of the General Municipal Law?
 3. Can the City acquire and sell in its own name solely with the use of CDBG Funds, property not designated by Urban Renewal under Section 504
of the General Municipal Law and sell said property by negotiation without complying with Section 507
of the General Municipal Law?"
With respect to your first question, the powers of an Urban Renewal Agency are spelled out in General Municipal Law, Articles 15 and 15-A and those of a Community Development Agency in Private Housing Finance Law, Article 6-A. As set forth in those statutes, the powers conferred upon the respective agencies relate only to property designated for urban renewal. Since the property to be acquired has not been designated for urban renewal, it is our opinion that neither an Urban Renewal Agency nor a Community Development Agency may acquire such property in its own name.
Your second question is similar to your first with the exception that the Agency acquiring and disposing of the property would act in the name of the City. In this context the Agency would be doing indirectly what it may not do directly and in our opinion it lacks the power to do so.
Your third question considered the City's use of the community development funds received from the federal government to acquire the property in its own name and to thereafter sell the property to a private developer. Since the City has designated the Mechanicville Community Development Agency as the administrator of federal comunity development funds, it is our opinion that the City has no authority over those funds, and may not use them to acquire property in its own name.
The City may not usurp the authority granted to the Mechanicville Community Development Agency and expend federal community development agency funds for the purposes set forth in your letter.
The provisions of Title 42 USCA particularly chapters 8A and 69 relating to slum clearance and community development control the purposes for which federal community development funds may be expended.